United States Court of Appeals,

Fifth Circuit.

No. 91–2649.

Richard M. ANSON, Plaintiff,

Timothy R. Parker, Movant–Appellant,

v.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, et al., Defendants–Appellees.

June 11, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and WIENER, Circuit Judges.


REYNALDO G. GARZA, Circuit Judge:

In this case, appellant claims that the district court erred in denying his motion to intervene in another plaintiff's age discrimination suit. For the reasons discussed below, we affirm the order of the district court.


BACKGROUND

On June 30, 1988, Plaintiff Richard Anson was laid off from his position with Defendant University of Texas Health Science Center–Houston. Anson's immediate supervisor, Appellant Timothy Parker, had informed Anson that Defendant was no longer going to fund his position. On January 24, 1989, Anson filed a charge of age discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). Defendant terminated Parker's employment in late February, 1989. Parker filed no administrative charge.

The EEOC, having reviewed Anson's charge of discrimination, issued a final determination dismissing and terminating its administrative processing of the charge. On June 6, 1990, Anson filed a lawsuit in the Southern District of Texas, Houston Division, alleging age discrimination.

Parker moved to intervene on January 30, 1991. The district court denied the motion. This appeal followed.

ANALYSIS

As the district court noted in its May 9, 1991 order, a class action under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.,* must conform not with the "opt out" procedural requirements of Fed.R.Civ.P. 23, but rather with the requirements established by the Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C. § 216(b). *See* ADEA, § 7(d), 29 U.S.C. § 626(d); *La Chapelle v. Owens–Illinois, Inc.,* 513 F.2d 286 (5th Cir.1975) (per curiam). Under Section 216(b), an employee may become an "opt-in" party plaintiff to an already filed suit by filing written consent with the court where the suit is pending. Parker filed such written consent.

As the district court further noted, one cannot take legal action in ADEA cases unless one has filed an administrative charge, in cases arising in Texas, within 300 days of the last act of discrimination. *McCorstin v. United States Steel Co.,* 621 F.2d 749, 755 (5th Cir.1980). We expressly left open, however, the question of whether one who had not filed an administrative charge could opt-in to a suit filed by a similarly situated grievant whose charge had purported to represent similarly situated employees. *Id.* at 755–56. *McCorstin* dealt with a case which arose in 1972 and was tried in 1977. At that time, Section 626(d) provided:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary [of Labor] not less than sixty days' notice of an intent to file such action.

*McCorstin,* 621 F.2d at 755 n. 9.

At one time, the courts disagreed as to whether or not each potential plaintiff must have filed his own administrative charge in order to join the lawsuit of a similarly situated plaintiff. As the

Second Circuit noted:

> As originally enacted, section 7(d) provided that a suit could not be commenced "by any individual under this section until *the individual* has given" at least 60 days notice to the Secretary of Labor, who was then charged with enforcement of the Act. Pub.L. No. 90–202, 81 Stat. 602, 605 (1967) (emphasis added). In 1978, Congress amended section 7(d) to eliminate the requirement that "the individual" bringing suit must have given the administrative notice and provided instead that suit could not be brought until 60 days after "*a charge* alleging unlawful discrimination has been filed with the Secretary." Pub.L. No. 95–256, § 4(a), 92 Stat. 189, 190 (1978) (emphasis added). That same year the Secretary's ADEA responsibilities were transferred to the EEOC. Reorg. Plan No. 1 of 1978, § 2, 43 Fed.Reg. 19807, 92 Stat. 3781 (1978). In changing the statutory requirement from a charge filing obligation of the individual bringing suit to the more general requirement that "a charge ... has been filed," Congress pointed out that "[f]ailure to timely file the notice ... [was] the most common basis for dismissal of ADEA lawsuits by private individuals" and emphasized that the purpose of the amendment was "to make it more likely that the courts will reach the merits of the cases of aggrieved individuals...." S.Rep. No. 493, 95th Cong., 1st Sess. 12 (1977), U.S.Code Cong. & Admin.News 1978, pp. 504, 515.

*Tolliver v. Xerox Corp.,* 918 F.2d 1052, 1056 (2d Cir.1990), *cert. denied* —— U.S. ——, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991).

The federal courts now universally hold that an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff under certain conditions.[1] Courts vary, however, as to what those conditions are. Many courts require that the administrative charge give notice to the administrative agency and the defendant that the discrimination is class-wide. The Eighth Circuit has stated that since the purpose of an administrative charge is to allow the agency to negotiate an end to the alleged unlawful practice and also to alert the employer as to its exposure, "[a]n administrative charge of one or more plaintiffs setting forth only personal claims of discrimination ... is not sufficient to serve as the basis for an ADEA class action." *Kloos v. Carter–Day Co.,* 799 F.2d 397, 400 (8th Cir.1986). Similarly, the Ninth Circuit has held that the district court should not allow others to opt-in to a lawsuit filed by a plaintiff whose administrative charge "expressed no intention to sue on behalf of anyone other than himself." *Naton v. Bank of*

---

[1]The district court made no explicit findings on whether or not Parker and Anson are "similarly situated." Anson was let go due to a reduction in force. Defendants allege that Parker was fired for cause and that therefore he is not similarly situated with Anson. The meager record presented to us sheds little light on this issue.

*California,* 649 F.2d 691, 697 (9th Cir.1981).[2]

The Second Circuit has stated:

> Where the grievances arise in a work unit of modest size, ... mere similarity of the grievances within the same general time frame suffices to permit the "single filing rule." ... However, where the grievances are alleged to arise throughout a large group, the lack of conciliation of one individual grievance does not necessarily mean that conciliation efforts would be unavailing if the EEOC and the employer were alerted to the broad scope of the claim. Though we do not think the administrative claim in such circumstances need specify that the claimant purports to represent a class or others similarly situated, there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim. Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group.

*Tolliver,* 918 F.2d at 1058 (footnote omitted).

The Seventh Circuit, while noting similarity in the statutory language of the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, also noted differences between procedures under the two Acts:

> Under ... 29 U.S.C. § 216(b), all plaintiffs in an ADEA representative action must affirmatively opt-in to the suit. Thus, there are no anonymous plaintiffs under ADEA. One of the chief purposes behind this particular provision was to prevent the filing of claims on behalf of a large group of unnamed and nonparticipating plaintiffs.... In light of this litigation procedure, we believe it is necessary that the defendant at least be apprised during the conciliation process of the possibility of a subsequent lawsuit with many plaintiffs. Therefore, in our view, the charge must, at the very least, contain an allegation of class-wide discrimination. This notification is necessary in order to satisfy Congress' express desire that the defendant understand, during the conciliation stage, the magnitude of his potential liability.

*Anderson v. Montgomery Ward & Co., Inc.,* 852 F.2d 1008, 1016 (7th Cir.1988) (citations omitted).

Anson's administrative charge alleged:

---

[2]We note that *Naton* dealt with an action begun prior to the change in the language of 29 U.S.C. § 626(d). In our view, however, Congress meant the alteration as a clarification and not as a substantive change. Therefore, pre-alteration precedent is still valuable.

On June 30, 1988, I no longer had a position as Director of Physical Plant Building Trades. The Respondent is an institute of higher learning devoted to the teaching and research of medical sciences and employs over 2,500 individuals.

[Appellant] Timothy Parker, Vice President of Support Services, told me that my position would not be funded after the end of the fiscal year and that my appointment would not be renewed.

I believe I have been discriminated against because of my age, 60 years (DOB 9/9/27) in violation of the Age Discrimination in Employment Act.

Anson's charge in no way alleges discrimination against anyone but himself. Nevertheless, Parker claims that the district court erred in denying his motion to intervene because, he alleges, the EEOC investigated the possibility of class-wide discrimination by Defendants. Thus, Parker claims, Defendants were alerted to their potential exposure. Parker offered to subpoena the EEOC investigators for a hearing to show that the agency had investigated possible discrimination against others besides Anson, including himself. The district court declined to conduct such a hearing.

Defendants argue that even if, *arguendo,* such a hearing were legitimate, the district court properly denied Parker's motion because

the representative plaintiff in an ADEA action may only represent those similarly-situated individuals who could have timely complied with section 626(d)'s notice requirement as of the date of the representative plaintiff's filing with [the agency].

*Cavanaugh v. Texas Instruments, Inc.,* 440 F.Supp. 1124, 1128 (S.D.Tex.1977) (citation omitted).

Defendants argue that Parker is therefore barred from intervention because he was still employed when Anson filed his administrative charge, and could therefore not have timely filed a charge contemporaneously with Anson. There may be a problem with this reasoning. *Cavanaugh* relied upon *Pandis v. Sikorsky Aircraft Div. of U.T.C.,* 431 F.Supp. 793 (D.Conn.1977), which stated that one who could not have timely filed along with the representative plaintiff could not opt-into his suit because "[c]laims that were time-barred on the date that plaintiff filed his suit cannot be revived by the commencement of a putative class action." *Id.* at 798. The case under review, on the other hand, was not time-barred when Anson filed his charge. Rather, it had yet to arise.

Parker contends that the district court could not use the fact that his claim had not arisen at the time of Anson's administrative charge as a reason for denying the motion to intervene. Noting that the federal courts have often found similarity between the ADEA and Title VII, Parker points out that in *Almendral v. New York State Office of Mental Health,* 743 F.2d 963 (2d Cir.1984), the Second Circuit held that it was error for the district court to refuse to consider claims arising subsequently to those listed in the administrative charge. The *Almendral* Court, however, was speaking of further claims from a particular plaintiff, not the addition of further plaintiffs. Therefore, the risk of exposure is more attenuated in the *Almendral* situation. Moreover, the Second Circuit relied, *inter alia,* on the fact that the plaintiff's "EEOC complaint plainly stated that the acts of discrimination were on a "continuing' basis." *Id.* at 967. Anson made no such allegation in his complaint.

Ultimately, we find the reasoning of the Eighth Circuit instructive:

> Failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions. This consequence is of particular significance in the age discrimination area, where every employed person over the age of forty is a potential plaintiff. The charge filing provision limits the chances for the filing of suits based on subsequent motivations or reassessments.

*Kloos,* 799 F.2d at 400 (citation omitted).

Parker would have us remand this case for a hearing to demonstrate that there was no problem of exposure to claims unanticipated by the administrative charge because the EEOC investigation went beyond the charge's allegations. This is a novel approach, and we are not convinced that Congress meant to burden the courts with such factfinding. In any case, it is unnecessary for us to decide whether such a hearing would ever be appropriate. We hold simply that a district court does not err in denying intervention to one whose claim had not yet arisen at the time of the filing by another of an administrative charge which alleges only past personal complaints regarding one who employs as many as 2,500 people.

## CONCLUSIONS

Anson's charge o f discrimination towards himself alone did not on its face suffice to alert either the EEOC or the Defendants to Parker's potential allegations.  Therefore, the order of the district court is

AFFIRMED.