IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50982
_____


WILLIAM H. BETTCHER III,

Plaintiff-Appellant,

versus

THE BROWN SCHOOLS, INC., D/B/A THE BROWN SCHOOLS,
ALSO D/B/A THE BROWN SCHOOLS REHABILITATION,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

August 31, 2001

Before JOLLY, SMITH and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

William Bettcher wants us to breathe new life into his age discrimination law suit, which was dismissed by the district court for failure to file a timely charge with the EEOC. He argues that the "single filing rule" rescues his claim. This carefully limited exception to the ADEA charge-filing requirement will sometimes allow a non-filing plaintiff to join the lawsuit of a similarly situated litigant who has filed the statutorily mandated charge.

1

Bettcher, however, attempts to extend the rule to allow him to predicate his federal law suit on someone else's EEOC charge, even when that person has not filed a lawsuit. Because Bettcher seeks an extension of the single filing rule not contemplated by our precedents, we AFFIRM the judgment of the district court.

I

In November 1997, appellee The Brown Schools terminated 29 employees in a broad-based reduction of its workforce. Appellant Bettcher and co-worker Diane Roper were among those terminated. Bettcher was 65 years old and Roper was 60.

On August 11, 1998, Roper (a female) filed a charge of discrimination with the EEOC alleging sex and age discrimination.[1] Bettcher never filed a charge. The EEOC forwarded Roper's claim to Brown Schools two weeks later, and the Schools filed a response.

In June 1999, 568 days after Bettcher and Roper were terminated, the EEOC issued a determination, finding reasonable cause to believe that Brown Schools had discriminated against Roper and an unnamed male teacher in the Rehab Therapy Education Department of Brown. This unnamed teacher was Bettcher. The

---

[1]The charge alleged, in relevant part:

I was terminated from my position as Teacher and Educational Diagnostician on November 21, 1997. I was informed by James Dalzell, Chief Executive Officer, that my position was eliminated. . . . Two younger, less qualified teachers were retained. One was a male who took over 2/3 of my duties and responsibilities. I believe I have been discriminated against based on my age, 60 years, and my sex, female . . .

2

determination was issued 268 days after the applicable 300-day limitations period for filing a charge of discrimination had passed. See 29 U.S.C. § 626(d). On July 22, 1999, conciliation procedures began between Roper and Brown Schools. Roper and Brown Schools eventually reached a conciliation agreement, but this agreement did not include Bettcher.

Notwithstanding that Bettcher had never filed a charge of discrimination, the EEOC nevertheless issued him a Right to Sue notice on October 26, 1999.[2] This notice referenced only Roper's charge and charge number. On January 27, 2000--over two years after his discharge--Bettcher filed this suit, alleging discrimination under Title VII, the Texas Commission on Human Rights Act ("TCHRA"), and the Age Discrimination in Employment Act ("ADEA"). Brown Schools removed the action to federal court, where it filed a Motion to Dismiss alleging that Bettcher's claims were time-barred because no administrative charge was filed within 300 days of the last act of discrimination as required by the ADEA. The district court, treating the motion to dismiss as a motion for summary judgment, granted judgment in favor of Brown Schools, finding that Bettcher's claims were time-barred. The court further held that Bettcher could not piggyback on Roper's charge under the single filing rule because the two were not "similarly situated" under the law, Roper's charge did not provide notice of the

---

[2]The Texas Commission on Human Rights also issued a right to sue letter thereafter.

3

collective or class-wide nature of the charge, and, as Roper never filed a civil suit, "there [was] nothing for the plaintiff to 'piggyback' on."

II

This court conducts a de novo review of a grant of summary judgment, ensuring that no genuine issue of material fact exists and that judgment in favor of the appellee was warranted as a matter of law. Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000).

The applicable law is straightforward. An individual cannot take legal action in an ADEA case in Texas unless that individual first files an administrative charge within 300 days of the last act of discrimination. See Anson v. Univ. of Tex. Health Science Ctr., 962 F.2d 539, 540 (5th Cir. 1992). Under the single filing rule, however, an individual who has not filed an administrative charge can "opt-in to a suit filed by any similarly situated plaintiff under certain conditions." Id. at 541; See also Mooney v. Aramco Services Co., 54 F.3d 1207, 1223 (5th Cir. 1995).

The plaintiff must satisfy three conditions before he may invoke the single filing rule. First, the plaintiff must be "similarly situated" to the person who actually filed the EEOC charge. See Anson, 962 F.2d at 541. Second, the charge must have provided some notice of the "collective or class-wide nature of the charge." Id. at 541-43. Finally, a prerequisite--implicit to be

4

sure--for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join. See, e.g., Mooney, 54 F.3d at 1224, n.22 (noting "we deem it reasonable to permit them to join suit as long as the claimant on whose administrative filing they have relied timely files suit after receiving right-to-sue letters . . ." (citation omitted)); Anson, 962 F.2d at 541 (holding that "an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff"). While the single filing rule has permitted a plaintiff to "join individual ADEA actions," the rule has never been utilized to allow a non-charging plaintiff to file a separate suit based upon the charge of a party that has not filed suit. Mooney, 54 F.3d at 1223. Such a reading would allow the single filing exception to consume the statutory rule, which clearly requires all ADEA plaintiffs to file a charge before filing a lawsuit. In the absence of a lawsuit--properly supported by an EEOC charge--that a non-charging individual can join, a would-be plaintiff cannot invoke the piggyback rationale of the single filing rule because, indeed, there is no civil action upon which to piggyback.[3]

---

[3]Bettcher argues that the purpose behind the single filing rule applies even when the individual who filed the charge does not actually file suit. The single file rule was first implemented in the class action context because "it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." Id. at 1223

In sum, no circuit court has ever authorized piggybacking on an EEOC charge when the individual who filed the charge never actually filed suit, and we decline to be the first to do so. Therefore, the district court did not err in finding that the single filing rule was inapplicable because Roper never filed a civil action that Bettcher could join.[4]

III

Because Bettcher failed to file a timely charge of discrimination with the EEOC to support his lawsuit, and because he could not "join [an] individual ADEA action" under the single filing rule, the district court was without jurisdiction to entertain his age discrimination claims. The judgment of the

---

(citation omitted). The single filing rule has, however, only been read to eliminate the need to file an EEOC charge when the purposes behind the charge-filing requirement have been met. In this case, the primary purpose underlying the EEOC charge requirement--to give the employer "prompt notice" of an impending claim--was not satisfied. Zipes v. TWA, 455 U.S. 385, 398 (1982). The record reveals that Brown Schools did not receive notice that Bettcher was making a claim until after the EEOC issued its determination, which was more than 500 days after Bettcher was terminated. Bettcher's argument that Brown Schools was on notice of his claim earlier because his name was included on a list of almost 30 employees terminated along with Roper is unconvincing. Given that the statute requires that a charge be filed within 300 days, and given that Brown Schools had no notice of Bettcher's actual claim until the EEOC included him in its determination in June 1999, we cannot say that Brown Schools received "prompt notice" of Bettcher's claim against it.

[4]Even if Roper had filed a lawsuit, we nevertheless doubt that the facts of this case would allow Bettcher to invoke the single filing rule because Roper's EEOC charge contained no collective or class-wide allegations of discrimination. See Anson, 962 F.2d at 542.

6

district court is therefore

A F F I R M E D