**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 3, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60094

_____

RITA L. PRICE, ET AL

Plaintiffs

JOHNNIE J. CLEVELAND; LINDA HUNTER; KESHU WASH HILLIE; BETTY
BEAL; RENEE WILLIAMS, ET AL

Plaintiffs-Appellants

versus

CHOCTAW GLOVE & SAFETY COMPANY, INC. doing business as Choctaw
Glove & Safety Company; doing business as Allied Enterprises;
doing business as The Glove Factory

Defendant-Appellee

_____

RITA L PRICE; ET AL

Plaintiffs

RENEE WILLIAMS JOHNNIE J CLEVELAND; LINDA HUNTER; KESHU WASH
HILLIE; BETTY BEAL; ; ETAL

Plaintiffs-Appellants

versus

CHOCTAW GLOVE AND SAFETY COMPANY INC., doing business as Choctaw
Glove & Safety Company; doing business as Allied Enterprises;
doing business as The Glove Factory

Defendants-Appellee

1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This case concerns whether the appellants, who have filed a Title VII sex discrimination case against the appellee without first filing an EEOC charge, can invoke the "single filing rule" to piggyback on the EEOC charge filed by the plaintiff in the lead case with which appellants' case has been consolidated. After reviewing the record and the applicable law, we conclude that they cannot. Therefore, we affirm the district court's dismissal of the appellants' case for failure to satisfy the prerequisites for initiating and maintaining their discrimination claims.

1.

This case arises out of sex discrimination alleged by female employees of appellee Choctaw Glove and Safety Company, Inc. ("Choctaw Glove"). Rita Price filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on December 12, 2000, alleging that Choctaw Glove was discriminating against women based on their sex by relegating them to lower paying positions. Price filed her charge on behalf of all present and future female employees of Choctaw Glove. The EEOC issued Price a

Notice of Right to sue on February 7, 2003 and, on May 1, 2003, Price timely filed a class action complaint under Title VII in the Southern District of Mississippi (the "Price Class" or the "Price Class Action").[1]  On June 1, 2004, and again on August 25, 2004, the district court denied without prejudice Price's motion for class certification.[2]

On August 26, 2004, Johnnie Cleveland and thirty-five other named plaintiffs ( the "Cleveland Plaintiffs") filed a Title VII lawsuit against Choctaw Glove largely based on the same facts alleged in the Price class action.  It is undisputed that, as female employees of Choctaw Glove, the Cleveland Plaintiffs are members of the putative Price Class.  However, none of the Cleveland Plaintiffs filed a Charge of Discrimination with the EEOC.  On September 17, 2004, the Cleveland and Price lawsuits were consolidated, with the Price Class Action designated as the lead case.  Choctaw Glove filed a motion to dismiss the Cleveland

---

[1]  The EEOC issued Price a Notice of Right to Sue letter on November 25, 2002, but the letter was mailed to the wrong address. This error was corrected by a second letter sent to Price on February 2, 2003.  Therefore, Price's 90-day time limit to file her claims under Title VII began on February 7, 2003.

[2]  On June 1, 2004, the district court found that class certification was not warranted on the basis of Federal Rule of Civil Procedure 23(b)(2) because monetary, and not injunctive relief, was the predominate relief sought by Price.  On August 25, 2004, the district court found that class certification was not warranted on the basis of Rule 23(b)(3) because individual issues would predominate over class-wide issues, and judicial efficiency would not be served by litigating the case as a class action.

Plaintiffs' case, which the district court granted on December 22, 2004, the same date on which the district court denied Price's final motion for class certification.  The Cleveland Plaintiffs, whose case was dismissed without prejudice, now appeal the dismissal of their case.

2.

Though Choctaw Glove filed a motion to dismiss the Cleveland Plaintiffs' case, the district court treated the motion as one for summary judgment because Choctaw Glove included evidence outside of the pleadings.  This Court reviews the district court's grant of summary judgment *de novo*.[3]  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]

---

[3] *Gowesky v. Singing River Hospital Systems*, 321 F.3d 503, 507 (5th Cir. 2003).

[4] Fed. R. Civ. P. 56©); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

[5] *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

4

This Circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII.[6] In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act.[7] If and once the EEOC issues a right-to-sue letter to the party who has filed the EEOC charge, that party has 90 days to file a Title VII action.[8] We have not, however, demanded such exhaustion in all situations because we are aware that literal compliance does not always effectuate the requirement's purpose of promoting informal settlements.[9] Thus, we have recognized that "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to

---

[6] *See Wheeler v. American Home Products, Corp.*, 582 F.2d 891, 897 (5th Cir. 1977).

[7] 42 U.S.C. § 2000e, et seq. (except that in "deferral jurisdictions" an extended 300-day period applies; the 300-day statute of limitations is not applicable to this case).

[8] Id.

[9] *Crawford v. United States Steel Corp., et al.*, 660 F.2d 663, 666 (5th Cir.1981)(explaining that the purpose of the EEOC charge requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC)(internal citations omitted).

assume the next one would be successful[?]"[10] One such situation in which we have relaxed the Title VII filing requirement arises when a non-filing party wishes to piggyback his judicial action on the claim of a party who followed the administrative procedures. This Circuit has held that "in an action involving claims of several persons arising out of similar discriminatory treatment, not all of them need to have filed EEOC charges as long as one or more of the plaintiffs had satisfied the requirement."[11] In *Oatis v. Crown Zellerbach Corp.*, we held that it is not necessary for each member of a class to file an EEOC charge as a prerequisite to join a Title VII suit as long as at least one named plaintiff had filed such charges.[12] *Wheeler v. American Home Products Corp.* extended *Oatis* to non-class suits, holding that similarly situated intervenors who had not filed EEOC charges could maintain a Title VII claim if the original plaintiffs had filed timely charges.[13] In both *Oatis* and *Wheeler*, this Court held that certain eligible parties were excused from filing an EEOC charge when they were permitted to join or intervene in a lawsuit in which the original, similarly situated plaintiff had fully exhausted the administrative requirements.

---

[10] *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir. 1968); *see also Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989).

[11] *Crawford*, 660 F.2d at 665.

[12] 398 F.2d at 499.

[13] 582 F.2d at 897.

This Circuit further explained the piggyback concept in *Bettcher v. The Brown Schools, Inc.*, in which we stated that the "single filing rule" is a "carefully limited exception" that allows parties to "opt-in to a suit filed by any similarly situated plaintiff under certain conditions."[14] In *Bettcher*, this Circuit would not allow a plaintiff to piggyback on the EEOC charge filed by a fellow employee who had received a right-to-sue notice from the EEOC but decided not to file suit. The Court explained that there are three conditions that must be satisfied before a plaintiff may invoke the single filing rule:

> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must have provided some notice of the collective or class-wide nature of the charge. Finally, a prerequisite – implicit to be sure - for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.[15]

Clearly, *Bettcher* would not allow the Cleveland Plaintiffs to file a separate suit based on Price's EEOC charge if Price had not filed suit herself.

---

[14]  262 F.3d 492, 493-94 (5th Cir. 2001), citing, *Anson v. Univ. Texas Health Science Ctr.*, 962 F.2d 539, 540 (5th Cir. 1992).

[15]  *Id.* at 494 (internal citations omitted).

7

It is also clear from *Bettcher* that this Circuit intended for the single filing rule only to permit a non-charging party to join or intervene in a lawsuit filed by a charging party who has properly exhausted the administrative requirements. Unlike the situation in *Bettcher*, Price has actually filed a suit in which the Cleveland Plaintiffs could have attempted to join. However, the Cleveland Plaintiffs decided not to "opt-in" to the Price lawsuit. Instead, the Cleveland Plaintiffs filed their own separate suit and attempted to piggyback on the Price EEOC charge. The Cleveland Plaintiffs would now have us read *Bettcher* as allowing the extension of the single filing rule to permit the Cleveland Plaintiffs to file an independent suit on an otherwise unexhausted Title VII claim. *Bettcher* does not contemplate such use of the single filing rule. A non-charging party cannot bring her own independent lawsuit based upon another party's charge. To allow otherwise would "threaten to consume the statutory rule, which clearly requires all [Title VII] plaintiffs to file a charge before filing a lawsuit."[16] To do what the Cleveland Plaintiffs ask would effectively overrule

---

[16] *Id*. at 495. *Bettcher* refers specifically to claims brought under the Age Discrimination in Employment Act (ADEA) claims. However, the single filing rule refers to the EEOC administrative charge requirements which are treated the same under the ADEA and Title VII. *See Anson*, 962 F.2d at 542-43.

*Bettcher*. We need not consider all the reasons we cannot allow the Cleveland Plaintiffs to invoke the single filing rule in this situation. The first impediment suffices - this panel cannot overrule another panel's precedent.

Our conclusion that individuals filing separate Title VII suits that are later consolidated may not piggyback is consistent with the conclusions of our sister circuits which have addressed the issue. *See, e.g., White v. BFI Waste Services, LLC*, 375 F.3d 288, 294 (4th Cir. 2004) (rejecting application of single filing rule where plaintiff "did not formally join the earlier EEOC charge or any civil complaint brought thereafter with respect to that EEOC charge."); *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir. 1990) ("[U]nder Title VII, the single filing rule has been used only to permit joining a preexisting suit in which at least one plaintiff had filed a timely charge.").

CONCLUSION

The Cleveland Plaintiffs did not properly exhaust their administrative remedies before bringing suit under Title VII. They did not file a timely charge with the EEOC or receive from the EEOC the requisite statutory notice before filing their suit. Their case does not fall within any of the exceptional

9

situations in which this Circuit has allowed a claimant to piggyback his judicial action on the claim of a party who followed the administrative requisites of the Act. Moreover, this case does not present persuasive reasons for recognizing the piggyback exception here. Therefore, the Cleveland Plaintiffs must fail in their attempt to piggyback on the Price EEOC charge. For the reasons explained above, the district court's dismissal of the Cleveland Plaintiffs for failure to comply with the Title VII prerequisites is AFFIRMED.