United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60458
Summary Calendar

LESTER L. WASHINGTON,

Plaintiff-Appellant,

versus

JACKSON STATE UNIVERSITY; THE BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING; RONALD MASON, Dr.; JEFFERY
CASSISI, Dr.; SHEREE WATSON, Dr.; SHIH-SUNG WEN, Dr.; RICHARD
CHILES, Dr.; PAMELA BANKS, Dr.; DOLLYE ROBINSON, Dr.; DORRIS R.
ROBINSON-GARDNER, Dr.; JOSEPH MARTIN STEVENSON, Dr.; DEBRA
BUCHANAN, Dr.; VELVELYN FOSTER, Dr.; REUBEN GENTRY, Dr.; SIDNEY
MCLAURIN, Dr.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1206
--------------------

Before REAVLEY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lester L. Washington moves this court for leave to proceed
in forma pauperis (IFP) on appeal from the district court's grant
of summary judgment to the defendants in Washington's civil
rights suit. Washington, a former graduate student at Jackson
State University, filed suit alleging numerous claims of
discrimination and retaliation after he received poor grades and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was dismissed from the graduate program. Washington's causes of action included claims under the Due Process Clause; Titles VI and VII of the Civil Rights Act of 1964; the Federal Education and Privacy Rights Act of 1974 (FERPA); the Civil Rights Act of 1991; 42 U.S.C. §§ 1981, 1983, and 2000d; and state law.

Pursuant to FED. R. APP. P. 24(a), this court may entertain a motion to proceed IFP when the litigant has been denied leave to proceed IFP by the district court. To proceed IFP, Washington must demonstrate financial eligibility and a nonfrivolous issue for appeal. FED. R. APP. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

With respect to his Title VII claim, Washington argues that the district court erroneously concluded that he was not an employee protected by the statute. He also argues, with the benefit of liberal construction, that the time period for filing his suit should have been equitably tolled. Even assuming that Washington was an employee for purposes of Title VII, his claim lacks merit. The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. See United Air Lines, Inc. v. Evans, 431 U.S. 553, 555 n.4 (1977); Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595, 598 (5th Cir. 2006). Washington's equitable tolling claim, raised for the first time on appeal, is unavailing. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Moreover, in the context of summary judgment on a Title VII claim, "a substantial

conflict in evidence must exist to create a jury question on the issue of discrimination." Boyd v. State Farm Ins. Co., 158 F.3d 326, 328 (5th Cir. 1998)(citation omitted). Washington presents only conclusional assertions of racial discrimination and fails to show a substantial conflict on the issue of racial animus. See id.

Title VI provides that "No person in the United States shall . . . be subjected to discrimination under any program or activity receiving Federal financial assistance" on the basis of race, color, or national origin. 42 U.S.C. § 2000d. Washington fails to address the district court's conclusion that the individual defendants are not liable under Title VI, and this issue is abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). With respect to the University and Board of Trustees, the district court held that Washington failed to show a prima facie case that discrimination, rather than Washington's grades, was the reason for his dismissal. Washington presents only conclusional assertions of discrimination and retaliation, which alone are insufficient to prove discriminatory intent.

Washington also argues that he was denied due process in the course of the grievance process. We conclude from the record that the district court correctly determined that Washington received all the process that was due. See Board of Curators of the Univ. of Missouri v. Horowitz, 435 U.S. 78, 85-86 (1978).

The remainder of Washington's claims are either inadequately briefed or abandoned for failure to address the basis for the district court's grant of summary judgment.  See Yohey, 985 F.2d at 224-25; Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Washington therefore fails to show error.

Because Washington fails to show that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied.  See Rule 24(a); Carson, 689 F.2d at 586.  The appeal is without merit and is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED.