FILED
United States Court of Appeals
Tenth Circuit

March 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CECIL MASON; TERRY PHILLIPS;
SPENCER BREWER; LEROY W.
BAKER,

       Plaintiffs - Appellants,

v.

RICK RAEMISCH, in his official
capacity; ETHAN KELLOGG, in his
individual capacity; DAVID
SCHERBARTH, in his individual
capacity; f/n/u QUINLAN, in his
individual capacity,

       Defendants - Appellees.

No. 19-1273
(D.C. No. 1:17-CV-01013-DDD-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Congress requires some claimants to exhaust available administrative

remedies before suing in federal court. These claimants include inmates

---

[*] Oral argument would not materially help us to decide the appeal. *See*
Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the
appeal based on the appendix and the briefs.

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

suing over prison conditions. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Despite this requirement, four inmates—Mr. Cecil Mason, Mr. Terry Phillips, Mr. Spencer Brewer, and Mr. Leroy Baker—sued over prison conditions without exhausting their own available administrative remedies, so the district court granted summary judgment to the defendants.[1] The four inmates appeal, and we affirm.

The four inmates are Muslim and were about to conduct a prayer service in the prison's dayroom. But before the prayer service began, a correctional officer discharged pepper spray into the dayroom. (The officer later claimed that the discharge had been accidental; the inmates attributed the discharge to animosity against Muslims.) The pepper spray lingered in the air and required the inmates to cancel the prayer service.

A fifth inmate (Mr. Donell Blount) was in the group and exhausted his available administrative remedies by filing grievances through the prison's grievance system. But he dismissed his suit, and the four other inmates never filed their own grievances.

Though they didn't file grievances, the four inmates argue that they exhausted available administrative remedies through Mr. Blount, invoking the doctrine of "vicarious exhaustion." In considering this argument, we

---

[1]    With the grant of summary judgment, the court dismissed the suits without prejudice.

conduct de novo review. *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).

Courts have recognized vicarious exhaustion in class actions, concluding that class members can vicariously exhaust remedies through a class representative. *E.g.*, *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004). In addition, some courts have allowed victims of employment discrimination to forego exhaustion and join a suit started by similarly situated individuals who have exhausted their own administrative remedies. *E.g.*, *Betcher v. Brown Schools, Inc.*, 262 F.3d 492, 494–95 (5th Cir. 2001). The parties dispute the applicability of these doctrines to prison litigation.

Our Court has concluded that vicarious exhaustion is available only when there's a class action. *McGoldrick v. Werholtz*, 185 Fed. App'x 741, 743–44 (10th Cir. 2006) (unpublished). Though that conclusion was not precedential, it is persuasive for inmate suits: When an inmate's suit is not brought as a class action, the Prison Litigation Requirement Act mandates compliance with the applicable grievance policy. *See Thomas*, 609 F.3d at 1118 (requiring compliance with applicable regulations); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (stating that substantial compliance does not suffice). So if the applicable grievance policy prohibits inmates from filing grievances on behalf of others, the Act would

3

not permit inmates to exhaust their administrative remedies by piggybacking onto another inmate's grievances.

The grievance policy here generally prohibits inmates from filing grievances on behalf of other inmates. Appellant's Amended App'x vol. 1, at 97, 100. The only exception involves grievances for sexual assault, *id.* at 98, but the claims here involve the discharge of pepper spray, not sexual assault. So the four inmates had to file their own grievances (just as Mr. Blount did). Because the four inmates did not file their own grievances, we affirm the award of summary judgment to the defendants.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4