# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60156

———————

Dr. Kay Morgan,

*Plaintiff—Appellant*,

*versus*

Dr. Marty Bray; Mississippi State University,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:23-CV-72

———————————————————————

Before Richman, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Dr. Kay Morgan sued Dr. Marty Bray and Mississippi State University (MSU) under Title VII of the Civil Rights Act of 1964.[1] Title VII requires a complainant to exhaust her claims administratively with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the alleged misconduct as a prerequisite to filing suit. Morgan

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] 42 U.S.C. § 2000e *et seq.*

did not do so before filing this suit in May 2023, although she eventually filed a charge with the EEOC in November 2023. Concluding that Morgan's district court claims alleged misconduct through March 2023, the district court dismissed her claims with prejudice, reasoning that timely exhaustion was no longer possible by November 2023. Because any error by the district court was harmless, we affirm.

I

Morgan is a female whose country of national origin is Burma/Myanmar. Beginning in August 2021, Morgan worked as an Assistant Clinical Professor at MSU in an academic department headed by Bray. According to Morgan's brief, on April 4, 2023, she "was informed that her employment contract would not be renewed, a decision attributed to her performance." Morgan asserts that this "was communicated through a letter from Dr. Bray, dated March 31, 2023."

Shortly thereafter, she filed a Title IX complaint with MSU. Morgan's brief indicates that she submitted her Title IX complaint on April 14, and the filing in the record is dated April 14, although Morgan indicated before the district court that she submitted her complaint on April 4. Morgan asserted in the district court that MSU "closed" her Title IX complaint on May 4, 2023. Morgan's last day at MSU was June 30, 2023.

Morgan filed this pro se Title VII lawsuit against Bray and MSU in the Northern District of Mississippi on May 5, 2023. She alleged the following discriminatory conduct in her form complaint: employment termination, differing terms and conditions of her employment as compared to similar employees, retaliation, and harassment. She asserted this conduct was based on her race, color, and sex. Morgan claimed that all of this conduct occurred on—or over a span of time concluding on—March 31, 2023. In another place in her complaint, she alleged that "[r]etaliation" occurred

"after [Morgan] had filed Title IX [sic] against [Bray] at MSU," but she did not provide any facts to support this allegation. Morgan's complaint also indicated that she had not yet received a Notice of Right to Sue from the EEOC and that she had "not yet filed with [the] EEOC due to Title IX [sic] at MSU."

The defendants moved to dismiss the complaint under Rule 12(b)(6), arguing that Morgan failed to exhaust her claims administratively.[2] Bray also argued that he was an improper Title VII defendant because he was not Morgan's "employer."[3]

The district court granted the defendants' motion to dismiss in February 2024, basing its decision "on all matters of record." Noting that 42 U.S.C. § 2000e-5(e)(1) requires a plaintiff to exhaust her claims administratively by filing a charge with the EEOC *within 180 days* of the discriminatory action,[4] the district court concluded that Morgan had until September 27, 2023, to exhaust her claims because "[t]he latest date Dr. Morgan allege[d] misconduct occurred was March 31, 2023." Accordingly, the district court dismissed Morgan's claims with prejudice because exhaustion was no longer possible. The district court also dismissed the claims against Bray on the alternative ground that he was an improper Title VII defendant. Morgan timely appealed in March 2024.

---

[2] *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) ("Before suing, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action."); 42 U.S.C. § 2000e–5(e)(1).

[3] *See Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) ("[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." (citing 42 U.S.C. § 2000e(b))).

[4] *See Ernst*, 1 F.4th at 337.

Although Morgan did not file a charge with the EEOC before bringing this lawsuit, she asserts in her brief that she "contacted" the EEOC on May 5, 2023—the same day she filed this suit. Morgan's initial response to the defendants' motion to dismiss states that the EEOC told her to "postpone" until after June 30, 2023, her anticipated final day of employment. Her supplemental response to the motion explains that the EEOC requested a formal "separation form," and Morgan asserts that MSU human resources "staff have stayed uncommunicative to Morgan's inquiries." Morgan's brief indicates she engaged in "ongoing communication with the EEOC, which included an intake interview on October 24, 2023."

Morgan eventually filed a charge with the EEOC against MSU on November 6, 2023. Her charge is not part of the record, so it is unclear what claims she presented in that charge and the precise dates she alleged that discriminatory conduct occurred. Morgan's briefing in our court says that the EEOC issued a Notice of Right to Sue on June 6, 2024, months after the district court had dismissed her case and after she had filed her notice of appeal to this court.

## II

We consider whether the district court properly dismissed Morgan's claims with prejudice. We begin with Morgan's claims against MSU. Title VII provides that "[a]s a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission."[5] To satisfy this administrative

---

[5] *Fort Bend County v. Davis*, 587 U.S. 541, 543 (2019) (citing 42 U.S.C. § 2000e–5(e)(1), (f)(1)).

exhaustion requirement, a plaintiff must file her charge "with the EEOC within 180 days of the discriminatory action."[6]

"Whether or not the EEOC acts on the charge, a complainant is entitled to a 'right-to-sue' notice 180 days after the charge is filed."[7] "And within 90 days following such notice, the complainant may commence a civil action against the allegedly offending employer."[8] "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."[9]

"We review de novo a dismissal for failure to exhaust administrative remedies."[10] "In determining whether a plaintiff has exhausted a particular claim, 'the scope of an EEOC complaint should be construed liberally.'"[11] However, the court "will not consider claims that were not asserted before the EEOC."[12]

---

[6] *Ernst*, 1 F.4th at 337; *see also* 42 U.S.C. § 2000e–5(e)(1).

[7] *Fort Bend County*, 587 U.S. at 545 (first citing 42 U.S.C. § 2000e–5(f)(1); and then citing 29 C.F.R. § 1601.28).

[8] *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)).

[9] *Id.* at 551.

[10] *Ernst*, 1 F.4th at 337 (italics omitted) (citing *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017)).

[11] *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)); *see also Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) ("[W]e do not require that a Title–VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." (footnote omitted)).

[12] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).

No. 24-60156

## A

Though Morgan asserts in her brief that there was an "ongoing EEOC investigation" during the district court proceedings, it is undisputed that Morgan failed to present her claims to the EEOC before filing this lawsuit. Although there are "carefully limited exception[s]" to the exhaustion requirement,[13] Morgan does not argue that any exception applies here. Morgan did not satisfy the administrative "precondition."[14] She filed suit on May 5, 2023, months before she filed a charge with the EEOC on November 6, 2023. According to Morgan's own briefing, she did not receive a "Notice of Right to Sue" until after June 6, 2024, over two months following her notice of appeal, though she was entitled to a right-to-sue letter 180 days after filing her EEOC charge, which would have been at the earliest Saturday, May 4, 2024. The district court properly ruled on the issues that were in front of it at the time it dismissed Morgan's claims against the defendants in February 2024.[15]

The district court also properly attached prejudice to the dismissal. Typically, "[w]hen a district court dismisses a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal is *without* prejudice so that a plaintiff may return to court after [s]he has exhausted [her]

---

[13] *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006) (quoting *Bettcher v. Brown Schs., Inc.*, 262 F.3d 492, 493 (5th Cir. 2001)) (discussing piggyback exception); *see also Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981) ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge . . . ."); *Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018) (explaining that exhaustion is "subject to waiver or estoppel defenses").

[14] *Fort Bend County*, 587 U.S. at 543.

[15] *See Stroy*, 896 F.3d at 698 ("As Stroy admits, he failed to exhaust his administrative remedies because he filed in federal court prematurely . . . .").

administrative remedies."[16]  However, we observed in *Dawson Farms, LLC v. Farm Service Agency*[17] that "when exhaustion is no longer possible, dismissal may be with prejudice."[18]  While *Dawson Farms* involved a different administrative scheme, this principle readily applies to Title VII and the EEOC.[19]

Morgan alleges misconduct in her complaint dating from 2021 to March 31, 2023.  If that was the last date of discrimination or retaliation, she had 180 days from March 31, 2023, to file a timely charge with the EEOC. That 180-day period expired on September 27, 2023.  Morgan notified the district court that she had an intake interview with the EEOC on October 24, 2023, and that she had filed a charge with the EEOC on November 6, 2023.

Morgan's complaint and other filings in the district court assert in snippets that her claims include conduct occurring after March 31, 2023.  For example, Morgan's supplemental response to the motion to dismiss asserts that she suffered "[h]arassment due to complaint about discrimination lawsuit (04/2023-06/2023)" and was "[d]isciplined differently based on race and color (04/2023-06/2023)."  Her brief in our court asserts that the last date of actionable conduct was June 28, 2023, but her citation to the record does not contain any allegations identifying specific acts or omissions that occurred between March 31, 2023, and June 28, 2023.  Morgan's "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[16] *Id.* at 698 n.2 (emphasis added).

[17] 504 F.3d 592 (5th Cir. 2007).

[18] *Id.* at 607 (citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)).

[19] *See, e.g.*, *Wilson v. U.S. Postal Serv.*, 814 F. App'x 719, 720 (3d Cir. 2020) (affirming dismissal of Title VII complaint with prejudice for failure to exhaust); *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 399-400 (6th Cir. 2006) (same).

conclusory statements, do not suffice" to survive a motion to dismiss.[20] Morgan does not contend in our court that the district court erred in failing to give her additional time to plead her claims with more specificity, and in our court, her brief is devoid of any facts indicating that actionable acts or omissions occurred after March 31, 2023.

Accordingly, at the time of filing this suit, Morgan had not administratively exhausted her claims, and by the time she eventually filed a complaint with the EEOC, her 180-day deadline had passed. The district court was correct to dismiss her complaint with prejudice because timely exhaustion of her claims alleging misconduct through March 31, 2023, was no longer possible. To the extent the district court failed to discern her allegation that discrimination or retaliation or both occurred until June 28, 2023, any error was harmless.

## B

Morgan makes several other arguments, none of which are availing. First, she contends that "the district court's conclusion that she failed to file a timely charge with the Equal Employment Opportunity Commission" is wrong because she actually filed a "timely charge following the conclusion of her employment at Mississippi State University [] on June 30, 2023." As explained above, this is incorrect because she filed her charge on November 6, 2023, which was more than 180 days after her allegations ending on March 31, 2023. Citing the record, Morgan also argues that "the EEOC's acceptance of her charge during the intake interview indicates that the charge was indeed timely." Her record citations do not support this contention. Regardless, October 24, 2023—the date of Morgan's intake interview—was

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

more than 180 days after March 31, 2023, so her charge still would not have been timely even if the EEOC had accepted it in October.

Second, Morgan points to the continuing violation doctrine as a reason why dismissal was not warranted. The continuing violation doctrine allows a court to consider discriminatory acts that occur outside a limitations period "as long as an employee files her complaint while at least one act which comprises the [discrimination] claim is still timely."[21] Here, none of the alleged acts comprising the discrimination claim are timely. Morgan filed her EEOC charge on November 6, 2023. The 180-day period prior to November 6 would have commenced on May 10, 2023—after Morgan filed her suit, and well after she learned that her contract would not be renewed. Morgan does not explain why the continuing violation doctrine applies except to state that that her "claim encompasses a pattern of discrimination that persisted throughout her employment, culminating in her termination." These conclusory statements are insufficient. In another portion of her brief, Morgan argues that "42 U.S.C. § 2000e-5(f)(1) provides for the tolling of deadlines under certain circumstances, including delays caused by the EEOC," but this too is incorrect.[22]

Third, Morgan argues "the district court failed to account for the delays caused by the EEOC in processing her charge, particularly the five-month delay in conducting the intake interview." She alleges that she

---

[21] *Heath v. Bd. of Supervisors for the S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 736 (5th Cir. 2017) (quoting *Hartz v. Adm'rs of the Tulane Educ. Fund*, 275 F. App'x 281, 289 (5th Cir. 2008) (per curiam)).

[22] 42 U.S.C. § 2000e-5(f)(1) ("[I]f within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement[,] . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .").

received a notice of her right to sue on June 6, 2024, while this appeal was pending. Even if delays in the EEOC's post-charge investigation process prevented Morgan from obtaining a notice of her right to sue until June 6, 2024, this delay is immaterial to her failure to exhaust because she did not file her initial charge within the 180-day deadline. "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."[23]

To the extent Morgan contends she was misled by the EEOC, her own allegations refute this argument. On May 30, 2023, the defendants filed their motion to dismiss. One of the principal bases of that motion was that Morgan had not filed with the EEOC. The motion cited decisions of the Supreme Court and this court regarding that prerequisite. Morgan maintained and repeatedly asserted in the district court that she had a "choice to by-pass [the] EEOC" and that filing a charge at the EEOC was "not a requirement." In July 2023 filings in the district court, before she finally filed a complaint with the EEOC, she insisted that she was not required to file with the EEOC or obtain a right-to-sue letter to proceed with her suit. She continued to make this assertion long after and in the face of the defendants' motion to dismiss and briefing based on the lack of a filing with the EEOC.

Finally, Morgan argues that the district court's order "unfairly compromised her right to seek legal remedies for the discrimination and harm she suffered" and "prematurely foreclosed her ability to challenge the discriminatory actions taken." Morgan does not identify any specific errors and provides nothing more than general citations to 42 U.S.C. § 2000e-3(a), which makes certain retaliatory acts unlawful, and *Burlington Northern &*

---

[23] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

*Santa Fe Railway Co. v. White*,[24] a Title VII anti-retaliation case. This, like much of her briefing, is inadequate. "Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28."[25] "At the very least, this means clearly identifying a theory as a proposed basis for deciding the case" and "ordinarily identify[ing] the relevant legal standards and 'any relevant Fifth Circuit cases.'"[26]

## III

The district court dismissed Morgan's claims against Bray with prejudice on the alternative ground that Bray "was not an employer subject to liability under" Title VII. Indeed, "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee."[27] Liberally construed,[28] Morgan's principal brief does not challenge the district court's dismissal of her claims against Bray on this ground. Although Morgan addresses this ground in her reply brief, arguments presented for the first time in a reply are forfeited.[29] Accordingly, she has forfeited this

---

[24] 548 U.S. 53 (2006).

[25] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (italics and footnote omitted).

[26] *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009)).

[27] *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)).

[28] *See, e.g.*, *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298-99 (5th Cir. 2020).

[29] *See, e.g.*, *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018).

No. 24-60156

argument, and we affirm the district court's dismissal of Morgan's claims against Bray with prejudice.

* * *

For the foregoing reasons, we AFFIRM the district court's judgment.