# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2021

Lyle W. Cayce
Clerk

No. 20-20321

James Ernst,

*Plaintiff—Appellant*,

*versus*

Methodist Hospital System,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-766

Before King, Smith, and Haynes, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Methodist Hospital System ("Houston Methodist") fired James Ernst after a job candidate alleged that Ernst had sexually harassed him. Ernst sued Houston Methodist, alleging sex discrimination, retaliation, and race discrimination under Title VII. The district court dismissed the sex discrimination and retaliation claims, determining that Ernst had failed to exhaust his administrative remedies. The court also granted summary judgment on the race discrimination claim. We affirm.

No. 20-20321

I.

Ernst worked as a Senior Transportation Analyst for Houston Methodist from 2013 until his termination in 2016. The hospital fired him after a job applicant alleged that Ernst had sexually harassed him. The candidate complained that Ernst winked at him, grabbed and rubbed his own penis suggestively, and nodded for the candidate to follow him around the corner to the men's room.

On receiving the complaint, Houston Methodist immediately launched an investigation. The investigators interviewed Ernst the same day that they received the complaint. Ernst denied any sexual harassment but confirmed that he nodded to the candidate and conceded that he may have "adjusted himself," claiming that he sometimes does so "subconsciously." The investigators also interviewed several of Ernst's colleagues and reviewed video footage that provided at least some corroboration for the complaint.

The investigators interviewed Ernst a second time and determined that he gave some inconsistent or otherwise doubtful answers. In addition to the alleged harassment, the investigators listed "failure to perform his job duties and responsibilities" as another reason for his termination, determining that, in the course of his interaction with the candidate, Ernst left the Transportation Office unattended. On the basis of the investigation, the hospital fired Ernst.

Ernst contested his termination under Houston Methodist's internal processes, ultimately appealing to all three levels of the hospital's review system. During his initial appeal, Ernst met with Sheila Coggins, the Director of Human Resources. At Ernst's behest, Coggins removed from his Documentation of Termination the allegation that he had failed to perform his duties, but she did not overturn his termination for the alleged sexual harassment. Hospital decisionmakers upheld the termination at both the second

and third levels of internal appeal.

In June 2016, Ernst filed a charge-of-discrimination form with the Equal Employment Opportunity Commission ("EEOC"). The charge form included several boxes denoting various types of discrimination.[1] Ernst—who describes himself as a gay, white man—checked just one box, indicating that he suffered race discrimination. In the "particulars" field on the form, Ernst briefly described his termination and alleged only race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1).

In addition to completing the charge form, Ernst filed an intake questionnaire with the EEOC, leveling more allegations. On that form, he claimed sex discrimination because of his sexual orientation, age discrimination, and retaliation. Ernst also included his allegation of race discrimination, asserting that ninety percent of the employees in his department were African-Ameridcan and that the hospital investigators were biased against him, treating him less favorably than other employees because he is white.

The EEOC investigated but did not find that Houston Methodist had racially discriminated. In December 2017, the EEOC issued a notice of dismissal, and Ernst received a right-to-sue letter.

Ernst sued, and in his amended complaint, he brought claims for sex discrimination based on his sexual orientation, retaliation, and race discrimination under Title VII. The district court dismissed the sex-discrimination and retaliation claims, determining that Ernst had failed to exhaust his administrative remedies. The court also granted summary judgment on the

---

[1] The form includes boxes for a preparer to indicate that he or she suffered discrimination because of color, sex, religion, national origin, age, disability, genetic condition, or an unspecified ("other") reason. It also includes a box for retaliation.

No. 20-20321

race-discrimination claim, concluding that Ernst had failed to state a *prima facie* claim and deciding that, in the alternative, he failed to show that Houston Methodist's reasons for firing him were pretextual.

## II.

## A.

We review *de novo* a dismissal for failure to exhaust administrative remedies. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Title VII . . . provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd*, 139 S. Ct. 1843 (2019). Before suing, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action. *Id.* (citing 42 U.S.C. § 2000e–5(e)(1)).

To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Administrative exhaustion "is not a jurisdictional requirement," *Stroy v. Gibson ex rel. Dep't of Veteran Affs.*, 896 F.3d 693, 698 (5th Cir. 2018), but neither is it merely "a procedural 'gotcha' issue," *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). Instead, administrative exhaustion "is a mainstay of proper enforcement of Title VII remedies," *id.*, and exists "to facilitate the [EEOC's] investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws," *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012).

To satisfy exhaustion, a claim generally must arise out of the plaintiff's EEOC charge. *See id.* That requirement relates to a key purpose of an employment-discrimination charge, which is to give the employer notice of the existence and general substance of the discrimination allegations. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003).

4

To exhaust, however, a claim need not always arise from the EEOC charge *form*. In some circumstances, other documents can serve as a charge. In *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 405–07 (2008), the Court determined that a sufficiently detailed and verified intake questionnaire sufficed as a charge under the Age Discrimination in Employment Act. In assessing whether a filing is a charge, the key question is whether "the filing, taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights." *Id.* at 398. *Holowecki*'s holding "extends to Title VII," and "a questionnaire may qualify as a charge if it satisfies the EEOC's charge-filing requirements." *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753–54 (5th Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 1048 (2021).

EEOC regulations set the standards for Title VII charges. *See id.* at 753 n.5. An employee alleging discrimination under Title VII must submit a charge to the EEOC. *See* 29 C.F.R. § 1601.7(a). That charge must "be in writing and signed and . . . verified." *Id.* § 1601.9. To satisfy the verification requirement, a charge must be "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths . . . or supported by an unsworn declaration in writing under penalty of perjury." *Id.* § 1601.3(a). Substantively, a charge must include the name and contact information of the person making the charge, the same information of the accused individuals, a factual statement of the allegations, the size of the employer, and disclosure of whether the allegations have already been brought to a state or local agency. *See id.* § 1601.12(a).

## B.

Ernst contends that, by alleging sex discrimination and retaliation in his EEOC intake questionnaire, he exhausted administrative remedies. It is undisputed that although the charge *form* included only an allegation of race

discrimination, the *intake questionnaire* included allegations of sex discrimination on the basis of sexual orientation and retaliation.

Ernst avers that, under *Holowecki*, he exhausted his administrative remedies because the intake questionnaire constitutes a charge. Ernst contends that he identified the relevant parties and provided a statement of alleged facts, identified relevant dates, and provided his and Houston Methodist's required information, thereby satisfying the charge requirements under 29 C.F.R. § 1601.12(b).

Houston Methodist asserts that Ernst failed to exhaust. First, it posits that the intake questionnaire fails to constitute a charge because it did not satisfy the formal regulatory requirements, particularly because it was not verified.[2] Second, the hospital contends that Ernst failed to satisfy the charge requirement—and, thereby failed to exhaust his administrative remedies— because Houston Methodist did not receive notice of his sex-discrimination and retaliation allegations during the EEOC investigation.

Ernst has failed to establish that he satisfied the EEOC verification requirements for a charge. Although the record includes the statement of facts he laid out in his questionnaire, it does not indicate that the questionnaire was signed and verified as required. *See id.* § 1601.9.[3] An intake

---

[2] Ernst contends that Houston Methodist waived any verification requirement defense, citing *Gad v. Kansas State University*, 787 F.3d 1032, 1039 (10th Cir. 2015), for the proposition that "when an employer files a response on the merits without identifying a known verification defect, he foregoes the protection that the requirement affords—i.e., he has waived any verification objection" (cleaned up). Houston Methodist raised the verification objection early in the litigation, however, including it in its reply brief in support of its motion to dismiss. There was no waiver.

[3] In his reply brief on appeal, Ernst included an image of what appears to be his signature on the intake questionnaire. As Houston Methodist contends—and Ernst conceded at oral argument—that signature is not in the record. Because we may not consider evidence produced for the first time on appeal, we do not take cognizance of the signature

questionnaire that "is not verified as required by EEOC regulations . . . . cannot be deemed a charge." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017).

Moreover, it is undisputed that Houston Methodist never received notice of the intake questionnaire during the EEOC investigation. It first learned of the sex-discrimination and retaliation allegations from Ernst's original complaint, to which Ernst attached his intake questionnaire. "One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning*, 332 F.3d at 878 (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)). That rationale for the charge requirement is important because, in addition to promoting fairness for the employer, it gives the EEOC the opportunity to investigate and facilitate potential conciliation before lawsuits ensue. *See id.*; *Filer*, 690 F.3d at 647.

The only charge of which Houston Methodist received notice was Ernst's race-discrimination allegation. Because the intake questionnaire was not verified, and Houston Methodist did not receive notice of its additional allegations during the EEOC investigation, Ernst failed to exhaust administrative remedies. The district court properly dismissed the sex-discrimination and retaliation claims.

### III.

### A.

The district court granted summary judgment on the race-

---

shown in the brief. *See, e.g.*, *In re Deepwater Horizon*, 739 F.3d 790, 798 (5th Cir. 2014). Moreover, even if the signature were properly in the record, it would fail the verification requirement because there is no indication that it was signed before a notary, an EEOC representative or other authorized person, or under penalty of perjury. *See* 29 C.F.R. § 1601.3(a).

No. 20-20321

discrimination claim for failure to establish a *prima facie* case.  To establish a *prima facie* claim for race discrimination under Title VII, a plaintiff must show

> "that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."

*Stroy*, 896 F.3d at 698 (cleaned up).  If the plaintiff establishes a *prima facie* claim, the burden shifts to the employer to offer a non-discriminatory reason for the adverse action.  *See, e.g.*, *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (per curiam).  If the employer offers such a reason, the burden shifts back to the plaintiff to show that that reason is pretext for a discriminatory purpose.  *See id.*

### B.

There is no dispute that Ernst satisfied the first three elements; the parties disagree on the fourth.  Ernst has failed to show that he was replaced or that a comparator received more favorable treatment, so summary judgment was proper.

Ernst contends that Greg Cubit, another employee in his department at Houston Methodist who is of another race, replaced him in his role.  Ernst's contention fails because Cubit did not replace Ernst.  Ernst asserts that his role was *offered* to Cubit, but he does not allege that Cubit actually replaced him.  Moreover, Houston Methodist disputes that the hospital offered Ernst's job to Cubit; it correctly points out that Ernst's assertion is unsubstantiated and speculative.[4]  Instead, Houston Methodist avers that

---

[4] *Cf. Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (stating that "unsub-

No. 20-20321

Ernst's duties were divided among other employees within his department. "An employee has not been replaced when his former duties are distributed among other co-workers."[5] Thus, Ernst has not established that he was replaced by someone outside his protected class.

Ernst contends that, even if he was not replaced, he satisfies the fourth element because he was treated less favorably than Cubit. To satisfy the fourth element, a plaintiff must point to a comparator who was "similarly situated" and received more favorable treatment. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). The plaintiff "must establish that the comparator was treated more favorably than the plaintiff under nearly identical circumstances." *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 410 (5th Cir. 2016) (cleaned up). "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260.

Ernst fails to establish that Cubit was a similarly situated comparator.

---

stantiated assertions will not satisfy the plaintiff's burden" to withstand a motion for summary judgment").

[5] *Griffin v. Kennard Indep. Sch. Dist.*, 567 F. App'x 293, 294–95 (5th Cir. 2014) (per curiam) (cleaned up). Ernst points to *Young v. Harris Health Care, Inc.*, No. 99-30186, 2000 WL 1029180, at *3 (5th Cir. July 14, 2000) (unpublished), in which we determined that a plaintiff had established a *prima facie* case of age discrimination where her role was restructured, and her responsibilities were all absorbed by younger employees. But as an unpublished case, it is not binding. Moreover, it is distinguishable because, in *Young*, the plaintiff established that all the individuals to whom her responsibilities were allocated were "substantially younger" than was she. *Id.* Houston Methodist has produced evidence that at least one employee besides Cubit absorbed some of Ernst's job responsibilities, and there is no information in the record regarding her race.

No. 20-20321

First, Ernst testified that, although Cubit was a Transportation Analyst, Ernst was a Senior Transportation Analyst, and the two positions entailed different responsibilities. Second, Ernst implicitly conceded that he and Cubit did not "share[] the same supervisor," *id.*, because he testified that he served as Cubit's supervisor. Third, although Ernst complains that Cubit received more favorable treatment from Houston Methodist, that allegation is undermined by the fact that Cubit was also later terminated for alleged misconduct. The district court correctly determined that Ernst failed to establish a *prima facie* case of race discrimination, and summary judgment was proper.

AFFIRMED.