# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10993
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2023

Lyle W. Cayce
Clerk

William Jeffrey Gilliam,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2366

---

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, William Jeffrey Gilliam, proceeding pro se, appeals the district court's judgment dismissing his claims against the Government for lack of jurisdiction based on failure to exhaust administrative remedies and for failure to state a claim. For the reasons set forth below, we AFFIRM AS MODIFIED.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10993

## I. BACKGROUND

Beginning in 1995 and spanning two decades, Gilliam became involved in a series of lawsuits in multiple courts within the Fourth and Ninth Circuits. The lawsuits involved Gilliam's tax liability and bankruptcy. The litigation ended with a judgment against Gilliam for millions of dollars in tax liability.[1]

In August 2020, Gilliam filed the instant action against the Government. Gilliam asserted he was entitled to (1) damages under 26 U.S.C. § 7433 of the Internal Revenue Code for unlawful tax collection practices, specifically a tax levy on his social security retirement benefits; (2) damages under 26 U.S.C. § 7432 for wrongfully reinstating Government liens after they were released; (3) relief from any and all orders and judgments obtained through alleged fraud on multiple courts; and (4) tax mitigation relief under 26 U.S.C. §§ 1311-1314. In response, the Government filed a motion to dismiss, arguing that Gilliam's complaint was barred by res judicata. The Government alternatively argued that Gilliam's § 7433 claim for unlawful tax collection should be dismissed for failure to exhaust administrative remedies and his claim of alleged fraud on the court should be dismissed for failure to state a claim.

The magistrate judge determined that two of Gilliam's claims—his claim of wrongful reinstatement of Government liens and his tax mitigation claim—were barred by res judicata and recommended dismissal with prejudice. As to Gilliam's § 7433 claim for unlawful tax collection of his social security retirement benefits, the magistrate judge found that Gilliam had failed to exhaust his administrative remedies. And, as to Gilliam's claim

---

[1] The litigation history is detailed in the district court's opinion in *United States v. Gilliam*, No. 2:154064-MBS, 2017 WL 2417923 (D.S.C. May 5, 2017), *aff'd*, 737 F. App'x 660 (4th Cir. 2018) (per curiam) (unpublished).

No. 22-10993

of alleged fraud on the court, the magistrate judge determined that Gilliam had failed to state a claim. She recommended that those claims be dismissed without prejudice and that Gilliam be allowed to amend his complaint to demonstrate exhaustion of administrative remedies and to state a claim for alleged fraud on the court. Over Gilliam's objections, the district court adopted the magistrate judge's report and recommendation.

Gilliam thereafter filed an amended complaint, which the Government again moved to dismiss. The magistrate judge determined that Gilliam's amended complaint showed that he did not fulfill the mandatory exhaustion requirement with respect to his § 7433 claim for unauthorized tax collection and that the court consequently lacked jurisdiction over that claim. The magistrate judge further determined that Gilliam failed to state a claim for fraud on the court. The magistrate judge recommended dismissal of both claims with prejudice. Over Gilliam's objections, the district court adopted the magistrate judge's report and recommendation and issued a judgment dismissing Gilliam's claims with prejudice. Gilliam moved for relief from the judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(3). The district court denied the motion, and Gilliam filed a timely notice of appeal.

## II. DISCUSSION

We review de novo the district court's judgment dismissing Gilliam's claims for lack of jurisdiction based on failure to exhaust administrative remedies and for failure to state a claim.[2]

---

[2] *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (applying de novo review to dismissal for failure to exhaust administrative remedies); *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (applying de novo review to dismissal under Rule 12(b)(6) for failure to state a claim). Gilliam has not briefed the issue whether res judicata barred his claims for wrongful reinstatement of Government liens and tax mitigation. He therefore has forfeited any challenge to the district court's dismissal of those claims. *Stevens v. St. Tammany Par. Gov't.*, 17 F.4th 563, 574 (5th Cir. 2021) (appellant forfeits challenge to

No. 22-10993

## A.

Gilliam first argues that the district court erred in determining that his claim for damages for unlawful tax collection practices should be dismissed because he failed to exhaust administrative remedies.

Under 26 U.S.C. § 7433, entitled "civil damages for certain unauthorized collection actions," a taxpayer may bring a civil action for damages against the Government "[i]f, in connection with any collection of Federal tax . . . any officer or employee of the [Internal Revenue Service (IRS)] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated under [it]."[3] The statute requires that administrative remedies be exhausted. Specifically, it provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]."[4]

Gilliam argues that he was not required to exhaust administrative remedies because the Government waived its sovereign immunity under 11 U.S.C. § 106 of the Bankruptcy Code when it filed proofs of claim for 1993 and 1995 taxes in Gilliam's 1996 bankruptcy proceeding. Under § 106, when a governmental unit "has filed a proof of claim" in a bankruptcy proceeding, it "is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose

---

district court's holding on an issue when appellant does not raise and argue the issue on appeal). Gilliam does argue that res judicata is not a defense to his claim of fraud on the court, but for the reasons described below, he has failed to state such a claim.

[3] § 7433(a). Except as provided in 26 U.S.C. § 7432, entitled "civil damages for failure to release lien," the civil action allowed by § 7433 is "the exclusive remedy for recovering damages resulting from such actions." *Id.*

[4] § 7433(d)(1).

No. 22-10993

out of the same transaction or occurrence out of which the claim of such governmental unit arose."[5]  Gilliam calls our attention to a district court opinion which held that the plaintiffs (taxpayers) did not have to exhaust administrative remedies to assert a claim for damages under § 7433 because the IRS had filed a proof of claim in the plaintiffs' bankruptcy proceeding.[6]

We find that case inapposite for several reasons.  First, as the Government points out, the instant action is not part of a bankruptcy proceeding.  The bankruptcy proceedings involving Gilliam and his company, wherein the Government filed proofs of claim, were concluded in 2009.  Furthermore, the claim for § 7433 damages that Gilliam has asserted is based on actions allegedly taken by the IRS in 2019 and 2020.  Specifically, Gilliam asserts that the IRS wrongfully levied 100 percent of his social security retirement income from May 2019 through April 2020.  Considering that Gilliam alleges the unlawful actions occurred in 2019 and 2020, the Government could not have waived its sovereign immunity for any claim based on those actions by filing proofs of claim in bankruptcy proceedings that were concluded ten years before.  For these reasons, Gilliam's argument that the Government waived its sovereign immunity under § 106 of the Bankruptcy Code has no merit.

Gilliam also argues that he, in fact, exhausted his administrative remedies.  The specific steps a taxpayer must follow when filing an administrative claim (prior to filing a § 7433 action for unauthorized tax collection in district court) are set forth in 26 C.F.R. § 301.7433-1(e).[7]  As the

---

[5] § 106(b).

[6] *See Cunningham v. United States,* 165 B.R. 599, 604 (N.D. Tex. 1993).

[7] Specifically, an administrative claim must be "sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer

magistrate judge determined, the documents upon which Gilliam relies do not show that he complied with the requirements of § 301.7433-1(e). Specifically, Gilliam has identified no document addressed to the appropriate official setting forth the injuries he sustained from the alleged wrongful levy of his social security retirement income and the dollar amount of his claimed damages.

Although we agree with the district court that Gilliam's § 7433 claim should be dismissed for lack of jurisdiction based on failure to exhaust administrative remedies, the dismissal should have been without prejudice.[8] Consequently, we AFFIRM the judgment AS MODIFIED to reflect that the dismissal of Gilliam's § 7433 action for wrongful levying of his social security retirement income is without prejudice.

## B.

Gilliam next argues that the district court erred in determining that he failed to state a claim under Rule 12(b)(6) for fraud on the court.

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]   "To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the

---

currently resides" and must include, *inter alia*, "the grounds for the claim," "description of the injuries," and "[t]he dollar amount of the claim."  § 301.7433-1(e)(1)-(2).

[8] *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) (modifying judgment to reflect that a dismissal for failure to exhaust administrative remedies should be without prejudice).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

court in its decision."[10]  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or member of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court."[11]  "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."[12]

Gilliam argues that the district court did not consider certain documents he submitted in support of his opposition to the Government's motion to dismiss.  He contends that had the district court done so, it would have determined he stated a claim for fraud on the court.  These documents include his declaration in support of his opposition to the Government's motion to dismiss, the numerous documents submitted with his opposition, and his motion requesting the district court to take judicial notice of his requests for assistance and/or investigation sent to various federal agencies.

In these documents, which contain the same allegations as his amended complaint, Gilliam alleges that a bankruptcy trustee committed fraud on the court by not adhering to 26 U.S.C. § 1398(j)(2), relating to the treatment of "carrybacks"; that the IRS issued letters containing "false" information; that a bankruptcy judge assisted the IRS and the Department of Justice in misconduct; and that attorneys made false statements or presented false evidence in the proceedings before bankruptcy courts, district courts, and courts of appeals.

---

[10] *First Nat'l. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (internal quotation marks and citations omitted).

[11] *Id.* (internal quotation marks and citations omitted).

[12] *Id.* (internal quotation marks and citations omitted).

No. 22-10993

Although in conducting a de novo review of a Rule 12(b)(6) dismissal, we "accept[] all well-pled facts as true, drawing all reasonable inferences in favor of the nonmoving party," we do not "presume true . . . legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[13]  As the Government rightly contends, when Gilliam labels a statement as "false" or "fraudulent," he is describing his disagreement with the legal merit of various arguments and positions taken by the Government and other parties in the multitude of proceedings that have occurred since his tax troubles began.  Gilliam lists as the "facts constituting fraud on the court": (1) the failure of the IRS to amend its proof of claim and the bankruptcy trustee's failure to object to the accuracy of the IRS's 1993 tax claims; (2) the bankruptcy trustee's filing of an "ultra vires" tax return and the IRS's acceptance of the return; and (3) a bankruptcy judge's intentional disregard of one of its prior orders and misstatement on the record that the IRS had previously addressed many of Gilliam's claims and defenses.  These allegations do not plausibly set forth "an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[14]

Gilliam attempts to set forth allegations showing "the fabrication of evidence by a party in which an attorney is implicated."[15]  He describes the actions of a Government attorney during a bankruptcy hearing in August 2015.  He alleges that the attorney lied when she stated that certain tax liens were still in effect when the IRS had released the liens.  Gilliam further asserts that the attorney, along with a bankruptcy trustee, made "false

---

[13] *Armstrong*, 60 F.4th at 269 (internal quotation marks and citations omitted).

[14] *First Nat'l. Bank of Louisville*, 96 F.3d at 1573 (internal quotation marks and citations omitted).

[15] *Id.* (internal quotation marks and citations omitted).

No. 22-10993

statements/arguments" to the bankruptcy court, district court, and court of appeals. Finally, Gilliam alleges that a bankruptcy trustee's final accounting was "false and fraudulent." Here again, Gilliam is simply labeling as "false" and "fraudulent" legal positions advanced by the Government and other parties on various issues. We agree with the district court that Gilliam has failed to state a claim for fraud on the court.

## III. CONCLUSION

Based on the foregoing, we AFFIRM AS MODIFIED the district court's judgment dismissing Gilliam's claims.