# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-10758
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2023

Lyle W. Cayce
Clerk

Patrick Lewis,

*Plaintiff—Appellant*,

*versus*

Greenwood Motor Lines, Incorporated; R&L Carriers
Shared Services, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1161

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Patrick Lewis filed this employment-discrimination lawsuit against Greenwood Motor Lines, Inc., and R&L Carriers Shared Services, LLC, alleging discrimination and harassment based on race and disability, and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 1981, and 42 U.S.C. § 1983. When the defendants moved for summary judgment on all claims, Lewis did not file a response or seek an extension of time to do so. Based on the evidence submitted by the defendants in support of their motion, the district court deemed the material facts undisputed and granted the motion. We find no error and AFFIRM.

As an initial matter, by failing to raise the issues in his opening brief Lewis forfeited any challenge to the court's grant of summary judgment on his disability-discrimination and § 1983 claims. As a result, we review only those claims relating to race discrimination and retaliation.

With respect to Lewis's race-discrimination claims, the uncontested summary-judgment evidence confirms that Lewis was fired not on the basis of his race or in retaliation for filing an EEO complaint, but because he violated his employer's attendance policy. Separately, Lewis points to no record evidence supporting the existence of a similarly situated comparator outside his protected class. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (one element of a prima facie Title VII case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is a "similarly situated" comparator outside the protected class who was treated more favorably); *see also Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 992 (5th Cir. 2005) (same for § 1981 claims).

And as for Lewis's retaliation claims, he offers no evidence that he was fired in retaliation for filing an EEO complaint. *See Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017) (a plaintiff claiming retaliation must show a "causal connection exists between the protected activity and the adverse action" (internal quotation marks omitted)). Although temporal proximity can sometimes satisfy the causation element of a retaliation claim, "once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some

evidence from which the jury may infer that retaliation was the real motive." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Here, Lewis was fired the very day of his third unexcused absence, having been warned previously that any future absences would result in his termination. The record lacks evidence supporting a retaliatory motive.

Lewis's arguments on appeal are unpersuasive. He first argues that the district court erred by granting summary judgment *solely* because he failed to respond to the defendants' motion. But he is wrong. Indeed, the district court was careful to explain that it was not basing its decision solely on that ground and, instead, would simply accept the defendants' facts as undisputed. The court was right to do so. *See Eversley v. MBank Dall.*, 843 F.2d 172, 173–74 (5th Cir. 1988). Next, Lewis suggests the allegations in his pleadings overcome the defendants' summary-judgment evidence. This, too, is incorrect. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (a party opposing summary judgment "may not rest upon allegations in the pleadings").

Finally, Lewis draws our attention to excerpts from his own deposition, which is in the record, to make the case that his absences should be excused and that retaliation was a motivating factor in his termination. But even assuming the materiality of such facts in the relevant legal analysis, they were not brought to the attention of the district court. Reversal on this basis is thus improper because that court was not required to review the entire summary-judgment record to search for fact disputes supporting Lewis's opposition to the defendants' summary-judgment motion. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *Albrechsten v. Bd. of Regents of Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002))). That was Lewis's job. He may not use his briefs in this forum as a substitute

No. 22-10758

memorandum in opposition to the defendants' motion for summary judgment below.

AFFIRMED.