# United States Court of Appeals for the Fifth Circuit

No. 23-20070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2023

Lyle W. Cayce
Clerk

CHARLES OTIS HERRING,

*Plaintiff—Appellant*,

*versus*

BUC-EE'S LTD.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-330

Before STEWART, CLEMENT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Charles Otis Herring moves for leave to proceed in forma pauperis (IFP) on appeal from the summary-judgment dismissal of his pro se, private civil suit for racial discrimination against Buc-ee's Ltd. (Buc-ee's) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Herring's IFP motion challenges the district court's determination that the

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Although Herring contends that he was discharged by a Buc-ee's employee who sent him home in violation of corporate policy, the record evidence supports the district court's determinations that Herring was not discharged, did not suffer an adverse employment action, and was not constructively discharged. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th, 333, 339 (5th Cir. 2021) (explaining that, to make prima facie showing of Title VII racial discrimination, plaintiff must establish by preponderance of evidence, inter alia, that he was discharged or suffered adverse employment action); *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 924 (5th Cir. 2022), *cert. dismissed*, 143 S. Ct. 1102 (2023) (stating that, to establish constructive discharge, "a plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign" (internal quotation marks and citation omitted)). Regardless, Herring does not address, and has therefore abandoned any challenges to, the district court's determinations that (1) he cited no evidence that he had been replaced by someone outside of his protected group or had been treated less favorably than another similarly situated employee, *see Ernst*, 1 F.4th at 339; and (2) even if he could establish a prima facie case of discrimination, his undisputed violation of a Buc-ee's beverage policy constituted a legitimate, nondiscriminatory reason for Buc-ee's to terminate his employment, and he failed to show that this reason was pretextual. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748

(5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed).

We need not address Herring's challenges to the district court's alternative grant of summary judgment on the ground that Herring failed to raise a fact issue as to pretext regarding the allegation that he had harassed a coworker. Finally, no record evidence supports Herring's numerous assertions that the district court was biased against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). As he has not shown that his appeal involves a nonfrivolous issue, Herring's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.