# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2023

Lyle W. Cayce
Clerk

————————

No. 23-30190

————————

Marilyn Hamilton,

*Plaintiff—Appellant*,

*versus*

Promise Healthcare,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-102

———————————————————————

Before Graves, Higginson, and Ho, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:[*]

Marilyn Hamilton, then proceeding *pro se*, filed suit against Promise Healthcare[1] alleging gender-based discrimination and retaliatory discharge under Title VII. Promise Healthcare moved to dismiss under Rule 12(b)(1),

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] As both the district court and the appellee noted, the correct legal name of the entity that employed Hamilton was Promise Hospital of Ascension, Inc. d/b/a Promise Hospital Baton Rouge. As the district court and both parties continued to identify the appellee as Promise Healthcare, we do the same here.

No. 23-30190

arguing that Hamilton failed to exhaust her administrative remedies prior to filing suit. The district court dismissed Hamilton's claims with prejudice, finding that Hamilton did not exhaust her administrative remedies and that the court therefore lacked subject matter jurisdiction over the cause of action. Because the district court erred by treating Title VII's exhaustion requirement as jurisdictional, we VACATE and REMAND for further proceedings consistent with this opinion.

I.

Hamilton worked as a Human Resource professional for Promise Healthcare. According to her *pro se* complaint, in January 2017, Hamilton notified Promise Healthcare's Regional Director of Human Resources that she was filing a complaint with the Equal Employment Opportunity Commission (EEOC) against Promise Healthcare's CEO, who Hamilton alleges "fired or forced/encouraged 5-7 women to resign in a 6 month period." Hamilton was terminated several weeks later, despite having received a raise not long before.

On February 1, 2018, Hamilton filed suit against Promise Healthcare in the United States District Court for the Middle District of Louisiana. Hamilton appeared to allege both gender-based discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964.[2] In her complaint, Hamilton represented that she filed a charge with the EEOC and that she received a determination from the EEOC, as well as a right-to-sue letter.

---

[2] On appeal, Hamilton contends she also alleged race discrimination as well as subsequent termination; however, neither claim appears to have been asserted in Hamilton's pro se complaint.

No. 23-30190

In June 2019, Promise Healthcare moved to dismiss Hamilton's claims, arguing that Hamilton failed to exhaust her administrative remedies prior to filing suit—namely, that Hamilton did not file a charge of discrimination with the EEOC, but rather only filed an unverified intake questionnaire. Contending that the exhaustion requirement was jurisdictional, Promise Healthcare argued that dismissal under Rule 12(b)(1) was required. Promise Healthcare also moved to dismiss under Rule 12(b)(6), arguing that Hamilton's complaint was too vague and failed to allege a sufficient claim of discrimination.

Hamilton, then represented by counsel, opposed the motion, arguing that she did exhaust her administrative remedies because, *inter alia*, her intake questionnaire constituted a charge of discrimination under *Price v. Southwestern Bell Tel Co.*, 687 F.2d 74 (5th Cir. 1982).[3]

In March 2023, the district court issued its memorandum and order, granting Promise Healthcare's motion to dismiss under Rule 12(b)(1). Citing our court's decision in *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006), the district court observed that our case law was split as to whether administrative exhaustion implicated subject matter jurisdiction. Because Hamilton did not raise waiver or estoppel arguments, the district court opted to analyze exhaustion in jurisdictional terms.[4] Because the district court

---

[3] The district court stayed its proceedings after Promise Healthcare entered bankruptcy in July 2019. In September 2022, the bankruptcy court approved a stipulation between the bankruptcy trustee and Hamilton to partially lift the automatic stay to allow Hamilton to prosecute her claims against Promise Healthcare. In January 2023, the district court lifted its stay and the case recommenced.

[4] In so doing, the district court generally cited *Evenson v. Sprint/United Mgmt. Co.*, 2008 WL 4107524 (N.D. Tex. Aug. 21, 2008) for the proposition that exhaustion could be analyzed in jurisdictional terms for the purposes of a Rule 12(b)(1) motion "when the result of the decision would be the same" as if exhaustion were assumed to be a prerequisite.

No. 23-30190

viewed exhaustion in terms of subject matter jurisdiction, it wrote that Hamilton bore the burden of proof in proving exhaustion. Relying upon EEOC documents attached by Promise Healthcare to its motion to dismiss, the district court found that Hamilton failed to meet her burden in proving that her intake questionnaire constituted a formal charge of discrimination because it was not verified. As such, the district court determined that Hamilton did not exhaust her administrative remedies, which deprived the court of subject matter jurisdiction.[5] The court then dismissed Hamilton's case with prejudice.

On appeal, the parties continue to focus their argument on whether Hamilton's intake questionnaire meets the statutory and EEOC requirements to constitute a charge of discrimination, such that Hamilton would have exhausted her administrative remedies prior to suit and would have placed Promise Healthcare on notice as to Hamilton's Title VII claims.

## II.

We review questions of subject matter jurisdiction de novo. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017). We also review a district court's determination that a plaintiff did not exhaust their administrative remedies de novo. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

## III.

### A.

Title VII of the Civil Rights Act provides for private causes of action arising out of employment discrimination and gives federal courts subject-

---

[5] Because the district court found that it lacked jurisdiction, it did not reach Promise Healthcare's 12(b)(6) arguments.

matter jurisdiction to resolve such disputes. *See* 42 U.S.C. § 2000e-5(f). Title VII plaintiffs are required to exhaust their administrative remedies by filing a charge of discrimination with the EEOC before filing suit in federal court. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021).

The Supreme Court held in *Federal Express Corp. v. Holowecki* that a submission to the EEOC, such as an intake questionnaire paired with an affidavit, may constitute a charge if it meets the statutory and regulatory definitions of a charge and manifests an objective intent for the EEOC to take remedial action. 552 U.S. 389, 402, 405 (2008); *see also EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 754 (5th Cir. 2020) (recognizing that *Holowecki's* holding, which involved ADEA claims, extends to Title VII claims).

In *Ernst v. Methodist Hosp. Sytem*, our court set forth the requirements for a written submission to satisfy the statutory and EECO requirements of a Title VII charge:

> An employee alleging discrimination under Title VII must submit a charge to the EEOC. *See* 29 C.F.R. § 1601.7(a). That charge must "be in writing and signed and . . . verified." *Id.* § 1601.9. To satisfy the verification requirement, a charge must be "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths . . . or supported by an unsworn declaration in writing under penalty of perjury." *Id.* § 1601.3(a). Substantively, a charge must include the name and contact information of the person making the charge, the same information of the accused individuals, a factual statement of the allegations, the size of the employer, and disclosure of whether the allegations have already been brought to a state or local agency. *See id.* § 1601.12(a).

1 F.4th at 337–38. Our court then held that an unverified intake questionnaire, by itself, does not constitute a charge of discrimination under these requirements and therefore would not satisfy a plaintiff's exhaustion requirement. *Id.* at 338.

## B.

In our court's *Davis v. Fort Bend County* decision, we addressed our previously split precedent as to whether Title VII's administrative exhaustion requirement is jurisdictional or simply a prerequisite to suit, subject to waiver and estoppel. 893 F.3d 300, 303 (5th Cir. 2018). Our court held that the administrative exhaustion requirement was not jurisdictional, *id.* at 306, and the Supreme Court affirmed. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019).

Therefore, the district court erred when it interpreted the exhaustion requirement as jurisdictional and dismissed the suit under Rule 12(b)(1).[6] We now turn to whether that error was harmless.

As our court explained in *Davis*, because the exhaustion requirement in the Title VII context is not jurisdictional, failure to exhaust is an affirmative defense.[7] 893 F.3d at 307. The party asserting exhaustion as an affirmative defense bears the burden in demonstrating non-exhaustion. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Jones v. Bock,* 549 U.S. 199, 216 (2007)). While affirmative defenses, such as non-exhaustion,

---

[6] While Hamilton did not challenge the applicable legal standard upon which the district court reviewed whether Hamilton exhausted her administrative remedies, "[a] party cannot waive, concede, or abandon the applicable standard of review." *United States v. Vasquez*, 899 F.3d 363, 380 (5th Cir. 2018), *as revised* (Aug. 24, 2018).

[7] Promise Healthcare specifically pleaded failure to exhaust as an affirmative defense in its answer to Hamilton's complaint.

may be asserted on a 12(b)(6) motion, dismissal on that basis is appropriate only if the defense is evident on the face of the complaint. *See EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006).

Because the district court did not analyze exhaustion under the 12(b)(6) standard but instead viewed it as jurisdictional and analyzed it under 12(b)(1), the district court determined that Hamilton had not met *her* burden—a burden that should have been borne by Promise Healthcare—in *proving* that she exhausted her administrative remedies. The district court specifically found that "because [Hamilton's] Intake Questionnaire remained unverified, and was not supplemented by a verified Charge of Discrimination, it cannot on its own satisfy Title VII's filing requirement."

Because we are reviewing exhaustion under the 12(b)(6) standard, we must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to [Hamilton]." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quotation marks and citation omitted). In her *pro se* complaint, Hamilton alleges that she filed a charge of discrimination with the EEOC and that she received both a right-to-sue letter and an EEOC determination letter. Although Hamilton attached neither document to her complaint, she referenced the right-to-sue letter. This letter is central to her claim, so we may consider it as appended by Promise Healthcare to its motion to dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Additionally, although the complaint does not reference the intake questionnaire or allege that it served as a charge of discrimination, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). We may therefore also consider it as appended to the motion to dismiss.

While the EEOC documents submitted by Promise Healthcare do not prove that Hamilton submitted a verified intake questionnaire or affidavit, these records also do not disprove Hamilton's allegation in her complaint that she filed a charge of discrimination.

Hamilton's EEOC file contains two different versions of her intake questionnaire, each signed and dated February 10, 2017. In the first questionnaire in the EEOC file, Hamilton checked both Box 1 (that she wanted to talk to an EEOC employee prior to deciding whether to file a charge) and Box 2 (that she wanted to file a charge of discrimination and authorizing the EEOC to investigate), though there appears to be an annotation of "No" above Box 2. In the second questionnaire in the EEOC file, Hamilton only checked Box 2, evidencing an intent to file a charge of discrimination. Both questionnaires are marked with the same charge number, 461-2017-00701. Because we must view the facts in the light most favorable to Hamilton, we will consider the second intake questionnaire, in which Hamilton checked only Box 2, in our analysis, and whether that document may constitute a charge of discrimination.

The intake questionnaires forms submitted by Hamilton explicitly state that "this questionnaire may serve as a charge if it meets the elements of a charge." The EEOC Activity Log contained within the EEOC file references affidavits uploaded in conjunction with Hamilton's intake questionaries on both February 10, 2017, and on February 24, 2017, though these affidavits do not appear in that same file. The EEOC's Charge Detail Inquiry appears to provide that while Hamilton did not want to file a formal charge of discrimination on February 10, 2017, she did affirmatively state she wanted to file one on February 24, 2017. While the parties dispute the meaning of these entries and the meaning of the contradictory intake questionnaires, these disputes appear better suited for resolution by summary judgment than on a Rule 12(b)(6) motion, where again, we must

view the facts in a light most favorable to Hamilton. The resolution of these disputes goes toward both whether the intake questionnaire, and perhaps corresponding affidavits, meet the statutory and agency requirements to constitute a charge of discrimination and whether these document(s) manifested an objective intent for the EEOC to take remedial action. *See Holowecki*, 552 U.S. at 402.

Whether Hamilton filed a charge when she submitted her intake forms is one question for the district court; whether that charge was verified is another. "An intake questionnaire that 'is not verified as required by EEOC regulations . . . cannot be deemed a charge.'" *Ernst*, 1 F.4th at 338. Neither Hamilton's complaint nor the intake form reference Hamilton speaking under oath or affirmation to the EEOC representative. Promise Healthcare's memorandum in support of its motion to dismiss argues that the intake questionnaire was thus unverified. On appeal, Hamilton argues for the first time that the charge was verified when the EEOC uploaded her intake forms and affidavits. As with the status of the intake forms, we find that this issue is better suited for resolution by the district court in the first instance. As we have often said, we are a court of review, not first view.

### IV.

On the record and the briefing before us, it is not clear as a matter of law that Promise Healthcare has met its burden in proving that Hamilton did not exhaust her administrative remedies prior to filing suit. Therefore, we are unable to find that the district court's error as to the legal standard and the burden of proof were harmless. We VACATE and REMAND for further proceedings consistent with this opinion.